IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| BRANDEN OTOUPAL, | CRIMINAL ACTION FILE |
| Movant, | NO. 3:16-cr-0010-TCB-RGV-1 |
| v. | |
| UNITED STATES OF AMERICA, | CIVIL ACTION FILE |
| Respondent. | NO. 3:18-cv-0100-TCB-RGV |

**O R D E R**

This case comes before the Court on Magistrate Judge Russell G. Vineyard's Report and Recommendation (the "R&R") [73], which recommends denying Movant Branden Otoupal's pro se motion [47] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Otoupal has filed objections [75] to the R&R.

**I.    Legal Standard on Review of a Magistrate Judge's R&R**

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d

732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. A district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (A judge must "give fresh consideration to those issues to which specific objection has been made by a party."). Those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## II. Objections to the R&R

Otoupal objects to the R&R's findings that (1) his counsel's failure to further investigate the Russian government's capture of his IP address was reasonable; (2) his counsel's failure to advise Otoupal to plea to the possession count was reasonable; (3) Otoupal did not meet his burden to show that the statements he made during his plea colloquy were false; (4) the alleged failure of counsel to explain Otoupal's right to confront his accuser was cured by the district court; (5) Otoupal has not shown prejudice because he has not identified an affirmative defense that likely would have succeeded at trial; and (6) the issuance of a certificate of appealability should be denied.

### A. Ineffective Assistance of Counsel

The underlying issue in all of Otoupal's objections is the Russian tip that led special agents to his door with a search warrant. Otoupal alleges that trial counsel's failure to investigate the Russian tip resulted in various forms of ineffective assistance of counsel. Each claim appears to follow one of two paths. The first is that counsel's failure to investigate the origin of the Russian tip was unreasonable. It is unclear

4

from the objections exactly why the alleged failure to investigate was unreasonable, but Otoupal seems to believe that his lawyer should have argued to suppress the search warrant, presumably on the basis that the Russian tip was inadequate to provide probable cause. The second path to ineffective assistance relates to the plea deal. Otoupal suggests—without actually using the terms—that his plea was somehow not knowing or voluntary because he did not know about the Russian tip that led to the original search warrant.

Otoupal did not pursue a direct appeal, and "a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Id.* at 1234. A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. *Id.* Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice

resulting from the error. *Id.* Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 1235–35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Ineffective assistance of counsel claims, however, are excepted from the procedural bar and the cause-and-prejudice requirement. *See Massaro v. United States*, 538 U.S. 500, 509 (2003). Accordingly, the Court will analyze the ineffective assistance claims on the merits.

The burden for a habeas corpus petitioner pursuing an ineffective assistance claim is "a heavy one," and "cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). To prevail, a petitioner must show that (1) his lawyer's performance was deficient, and (2) he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A habeas petitioner must carry his burden on both prongs, and "a court need not address

6

both prongs if the defendant has made an insufficient showing on one." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).

The performance prong entails a deferential review of counsel's conduct. *Means v. Sec'y, Dep't of Corr.*, 433 F. App'x 852, 855 (11th Cir. 2011). "In assessing the reasonableness of counsel's performance, courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quoting *Reed v. Sec'y, Fla. Dep't. of Corr.*, 593 F.3d 1217, 1240 (11th Cir. 2010)). The Sixth Amendment "does not require criminal defense attorneys to take a 'nothing to lose' approach and 'raise every available nonfrivolous defense.'" *Id.* (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122, 127 (2009)). In order to prove deficient performance, Otoupal "must establish that no competent counsel would have taken the action that his counsel did take." *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000 (en banc)). "With respect to prejudice, courts ask whether there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Means*, 433 F. App'x at 855.

### 1. Failure to Suppress the Search Warrant

Otoupal first objects to the R&R's finding that the failure to investigate the Russian tip was reasonable. Leaving aside the reasonableness of counsel's strategy, Otoupal cannot show prejudice because a motion to suppress the search warrant would have been denied.

First, the search warrant in this case contained sufficient probable cause to justify a search of the residence for electronic devices containing child pornography. To establish probable cause, a search warrant affidavit must "contain 'sufficient information to conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched.'" *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (quoting *United States v. Pigrum*, 922 F.2d 249, 253 (5th Cir. 1991)). Special Agent Crump had personally seen and described the child pornography child in the search warrant. She identified the IP address associated with the file download, and a

summons to the internet service provider showed it was assigned to a subscriber residing at Otoupal's address. In other words, the search warrant affidavit contained far more than the original tip from the Russian Ministry of the Interior. The tip was investigated and corroborated. Because the search warrant affidavit established probable cause to search the residence, counsel was not ineffective for failing to challenge it.

Second, Otoupal had no reasonable expectation of privacy in his IP address. Otoupal was using a peer-to-peer program that interacts with thousands of other computers using the same program. The Supreme Court has repeatedly held that "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith v. Maryland*, 442 U.S. 735, 743–44 (1979). The Eleventh Circuit applied the third-party doctrine to "subscriber information that was voluntarily transmitted and stored by the third party internet service provider." *United States v. Ortega*, 679 F. App'x 766, 768 (11th Cir. 2017). Because Otoupal had no reasonable expectation of privacy in his

IP address, his lawyer was not ineffective for failing to challenge another party's acquisition of that address.

It can hardly be considered unreasonable for Otoupal's lawyer to not pursue a course of action that would have failed. But even assuming counsel should have filed a motion to suppress, Otoupal's objection fails because he cannot show prejudice. For the foregoing reasons, the first objection is overruled.

### 2. Guilty Plea

The remaining ineffective assistance claims relate to Otoupal's guilty plea. Otoupal objects to the R&R finding that counsel's failure to advise him to plea to the possession count was reasonable. He reiterates that he would not have entered a non-negotiated plea if he had known about the origin of the Russian tip, but he offers no evidence to suggest that any other plea deal was possible. Counsel tried to negotiate—and the Government refused to accept—a plea to the possession count. Counsel's subsequent failure to advise him to plea to the possession count is tantamount to a failure to pursue an unavailable option, which is, of course, not unreasonable.

Moreover, counsel provided discovery to Otoupal and believed he understood what led agents to his door. She knew about the Russian tip, but she felt the better course of action was to try and suppress Otoupal's incriminating statements to the agents executing the search warrant. After losing that suppression motion, counsel advised Otoupal of his options, including the pros and cons of each option, and recommended that, based on her experience and understanding of the law, his best option was to enter a non-negotiated plea to the production count. Counsel believed this was the best strategy because the victim was very sympathetic, and Otoupal did not have a viable affirmative defense. Otoupal denies counsel ever discussed his options with him.

The magistrate judge, who is in the best position to make such determinations, weighed the competing testimonies of Otoupal and counsel and determined that counsel was the more credible witness. The Court adopts that finding. The testimony at the evidentiary hearing shows definitively that counsel's advice to Otoupal regarding his guilty plea was within an objective standard of reasonableness.

Because Otoupal fails to meet his burden under the performance prong of the *Strickland* test, his second objection is overruled.[2]

Otoupal next objects to the R&R's finding that he did not meet his burden to show that the statements he made during his plea colloquy were false. He maintains that he did not have all the information he should have had before entering a plea, but this is a non sequitur. As noted in the R&R, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Even assuming Otoupal did not have a clear understanding of all the aspects of the case, he has not sufficiently rebutted the presumption that statements made during a plea colloquy are true and correct. *See Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam). His third objection is overruled.

Otoupal next objects to the R&R's finding that counsel's alleged failure to explain Otoupal's right to confront his accuser was cured by the district court. This objection appears to be yet another

---

[2] Notably, Otoupal also fails the prejudice prong because he has not shown that he would have gone to trial if the search warrant was sustained, which it would have been.

manifestation of the ineffective assistance claim. Otoupal states that counsel's "failure to obtain evidence" is "not a curable defect." [75] at 4. A "failure to obtain evidence" and a "failure to explain Otoupal's right to confront his accuser" are two separate claims, and they are addressed separately in the R&R. The magistrate judge found that the district court cured any failure to explain Otoupal's right to confront witnesses against him by explaining those rights to him during the plea colloquy. Whether there was one witness or a hundred witnesses, Otoupal knew that he was giving up his right to confront witnesses against him at trial. Thus, this objection is conclusory, and to the extent that it ignores the original finding that the district court did, in fact, advise Otoupal of the rights he was giving up by pleading guilty, it is overruled.

Otoupal next objects to the R&R's finding that he has not identified an affirmative defense that would have been likely to succeed at trial, and thus has not shown prejudice. Otoupal again emphasizes that he would not have pleaded guilty had he known about the Russian evidence. This is non-responsive, as Otoupal still does not identify an

13

affirmative defense that would have been likely to succeed at trial. The fifth objection is overruled.

### B.     Certificate of Appealability

Otoupal objects to the R&R's recommendation to deny a certificate of appealability. A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). A movant satisfies this standard by showing that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Court finds that reasonable jurists could not debate whether Otoupal's § 2255 motion should be resolved in a different manner with respect to the ineffective assistance of counsel claims. Similarly, the issues presented are inadequate to deserve encouragement to proceed further. Accordingly, the objection is overruled, and Otoupal is not entitled to a certificate of appealability.

## III. Conclusion

Having conducted a complete and careful review of the R&R, including a *de novo* review of those portions of the R&R to which Otoupal objects, the Court overrules Otoupal's objections [75] and adopts the R&R [73] as its order. Otoupal's pro se motion [47] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied, and the Court declines to issue a certificate of appealability. The Clerk is directed to close the case.

IT IS SO ORDERED this 10th day of October, 2019.

_____
Timothy C. Batten, Sr.
United States District Judge